UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GIETZEN SOLAR, LLC, an Idaho limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>POWERCO SOLAR, INC., a Utah corporation; CODY COLE, an individual; JAMES CONDER, an individual; and TAYLOR BYINGTON, an individual,<br><br>    Defendant. | Case No. 1:20-cv-00292-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Gietzen Solar, LLC's motion to remand. (Dkt. 8). For the reasons explained below, the removing defendants have failed to establish that the amount in controversy in this matter exceeds $75,000. Accordingly, the Court will grant the motion and remand the case to state court.

## BACKGROUND

This case involves a contract dispute between Plaintiff Gietzen Solar and Defendant PowerCo Solar. Gietzen alleges that PowerCo breached a Contractor Agreement regarding Gietzen's installation of residential solar systems for PowerCo's customers. *Compl.*, Dkt. 1-2, ¶¶ 9-18. The Contractor Agreement

MEMORANDUM DECISION AND ORDER - 1

stipulated that the "non-prevailing party shall pay all costs and expenses of the prevailing party, including reasonable attorneys' fees." *Id.* at 15-16.

Defendants James Conder and Taylor Byington ("Removing Defendants") are not parties to the Contractor Agreement. *Id.* at 17. Gietzen has sued them for fraud. Gietzen alleges that these individuals, who are former PowerCo employees, conspired with PowerCo and its owner to use the proceeds PowerCo received under the Contractor Agreement to pay PowerCo's other creditors, or to pay their own salaries. *Id.* ¶¶ 19-26.

The complaint filed in state court alleges that PowerCo's breach caused Gietzen to suffer $59,473.50 in damages, plus interest. *Id.* ¶ 18. Gietzen calculates that as of January 2, 2020, interest of $3,469.14 had accrued and would continue to accrue at the rate of $10.32 per day. *Id.* Gietzen is also seeking attorneys' fees. *Id.* ¶ 28. The Court is not aware of the fee arrangement between Gietzen and its counsel, but the complaint requests a lump sum of $7,500 in attorneys' fees if PowerCo did not contest the matter. *Id.* ¶ 28

## LEGAL STANDARD

Removal from state court is governed by 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Section 1332 provides that where the parties are diverse, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, *exclusive of interest and costs* . . . ." (emphasis

added). Section 1441 authorizes removal of civil actions from state court to federal court when the action could have been brought in federal district court. *Audette v. ILWU*, 195 F.3d 1107, 1111 (9th Cir. 1999) ("Only actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Federal courts strictly construe the removal statute against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)). In diversity cases where the amount in controversy is in doubt, there is a presumption against removal jurisdiction, meaning that the defendant has the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). This burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement of $75,000 or, if the amount claimed is unclear from the complaint, the defendant proves by a preponderance of the evidence that "more likely than not" the jurisdictional requirement is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The defendant is required to make this showing using summary-judgment-type evidence. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). The Ninth

**MEMORANDUM DECISION AND ORDER - 3**

Circuit has explained that the "more likely than not" standard strikes an appropriate balance between the plaintiff's right to choose the forum and the defendant's right to remove. *Id.*

To determine whether the defendant has proved that the amount in controversy has been met, courts should consider (1) the petition for removal and (2) later-filed opposition and affidavits. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (citation omitted). Relief which may be included in the amount in controversy includes (1) compensatory damages, (2) punitive damages, (3) value of injunctive relief, and (4) attorney's fees. *Id.* at 840; *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

## ANALYSIS

The parties agree that the parties are diverse but disagree about the amount in controversy. The burden is on the removing defendants to show, by a preponderance of evidence, that more than $75,000 is at stake in this lawsuit. As noted above, Gietzen seeks the following:

(1) damages in the amount of $59,473.50; *plus*

(2) accrued interest of $3,469.14 through January 2020, with interesting continuing to accrue at $10.32 per day through date judgment is entered; *plus*

(3) attorneys' fees of at least $7,500.

MEMORANDUM DECISION AND ORDER - 4

*Compl.*, Dkt. 1-2, ¶¶ 17, 28. The removing defendants argue that interest should be included in calculating the amount in controversy. The Court is not persuaded.

As noted, the diversity statute expressly states that the amount in controversy must exceed $75,000, *exclusive of interests and costs* . . . ." 28 U.S.C. § 1332(a) (emphasis added). Generally speaking, the "jurisdiction statutes require exclusion not only of interest that accrues after the action is brought but also interest that has accrued prior to the filing of the complaint." *See* 14AA Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3712 (4th ed. 2020). Otherwise, the cases are not entirely consistent regarding interest. *See id.*

The removing defendants rely on the Supreme Court's 1895 decision in *Brown v. Webster,* 156 U.S. 328, 329-30 (1895) to argue that interest should be included in the amount-in-controversy calculation. In *Brown,* the plaintiff sued for $6,000 after he was evicted from land. He had paid $1200 for the land and had received a warranty deed from the defendant. The defendant argued that the case did not satisfy the jurisdictional minimum of $2000 then in effect. Under applicable state law, however, the damages in such an action included the return of the purchase price with interest, and in Brown's case, the purchase price with interest from the time of purchase was more than $2000.

The Court held that federal jurisdiction existed. It distinguished between "interest as such" and interest "as an instrumentality in arriving at the amount of

damages to be awarded on the principal demand." *Id.* at 329. The Court then concluded that in Brown's case, the interest was an essential ingredient of his principal claim, rather than a mere "accessory demand." *Id.* at 330.

Numerous courts interpreting *Brown* have excluded interest from the amount-in-controversy calculation if the interest "arises solely by virtue of a delay in the payment of an obligation." *Wright & Miller* § 3712 (citing the cases shown in the footnote text[1]). That is precisely the case here, because under terms of the Contractor Agreement, "[a]ny invoice not paid within the applicable thirty (30) day period shall begin accruing interest on the outstanding balance of such invoice at

---

[1] *See Regan v. Marshall*, 309 F. 2d 677 (1st Cir. 1962); *Iglesias v. CitiMortgage, Inc.*, 2015 WL 2341943 (W.D. Tex. May 12, 2015) (interest which will accrue on unpaid principal balance during pendency of suit cannot be used to meet amount-in-controversy requirement); *Wilmoth v. Celadon Trucking Services, Inc.*, 2015 WL 1537209, *2 (S.D. Ind. 2015) ("This Court agrees that the interest owed to the Plaintiffs in this case is due because the Defendant delayed payments. The prejudgment interest, therefore, is not an essential ingredient of the Plaintiffs' claim under Brown and cannot be included in the amount in controversy."); *Crane Equipment & Services, Inc. v. B.E.T. Const., Inc.*, 2015 WL 471323, *3 (W.D.N.Y. Feb. 4, 2015) ("Although BET allegedly owes the balance of the sale, and may owe monthly interest on that balance under the contract, the interest is nonetheless accruing by virtue of the delay in payment and has not become the principal obligation in any sense. The interest therefore cannot be considered in determining the amount in controversy."); *Brady v. UBS Financial Services, Inc.*, 696 F. Supp. 2d 1263 (N.D. Okla. 2010); *Owners Ins. Co. v. McClung*, 2003 WL 23190907 (N.D. Ga. 2003); *Tri-State Refractories Corp. v. Certified Indus. Technologies, Inc.*, 2001 WL 388871 (S.D. Ind. 2001); *Albani v. D & R Truck Service, Inc.,* 248 F. Supp. 268 (D. Conn. 1965).

See also *Manone v. Farm Bureau Prop. & Cas. Co.*, No. CV-15-08003-PCT-JAT, 2016 WL 105939, *4 (D. Ariz. Mar. 17, 2016) ("The Supreme Court of the United States has held that interest is excluded from the amount in controversy if it is merely incidental to the plaintiff's claim or if it arises solely due to delay in payment of an obligation.") (citing *Phx. Scotts-Sports v. Kadish,* 321 F. Supp. 556, 557 (D. Alaska 1971) (noting that "interest on a judgment cannot be used to enhance the amount in controversy" because if it were "[o]therwise, a party could delay the suit in order to accumulate the jurisdictional amount")).

the rate 0.5% per month until paid." Dkt. 1-2 at 12. Accordingly, the Court will exclude interest in calculating the amount in controversy. To the extent *Xerox Corp. v. CBG Legal, Inc.*, 2015 WL 13309101 (C.D. Cal. Apr. 16, 2015), relied upon by the removing defendants, is contrary to the decisions set out in the the preceding footnote, the Court does not find that case persuasive. Interest will not be included in calculating the amount in controversy.

### 2. Attorneys' Fees

Moreover, even if the Court were to include interest, the amount in controversy still would not exceed $75,000. Rather, the Court would need to include plaintiff's future attorneys' fees to nudge the amount in controversy across the $75,000 line. Gietzen seeks an award of attorneys' fees under both statute[2] and contract.[3]

In *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018), the Ninth Circuit held that courts "must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-

---

[2] Gietzen could be entitled to attorneys' fees if it can show that PowerCo breached the Contractor Agreement. Dkt. 1-2 at 15-16. *See Primera Beef, LLC v. Ward*, 457 P.3d 161, 170 (Idaho 2019) ("Where a valid contract between the parties contains a provision for an award of attorney fees, the terms of the contract establish a right to attorney fees.").

[3] *See* Idaho Code § 12-120(c) (providing for attorneys' fees to the prevailing party in an action to recover on a contract relating to a commercial transaction – as is the case here); *see also*, Idaho Code §12-121 (stating that attorneys' fees are recoverable where a case is prosecuted or defended unreasonably or without foundation).

controversy requirement is met." *Fritsch* rejected an argument that future attorneys' fees are "inherently speculative and can be avoided by the defendant's decision to settle an action quickly." *Id.* Rather, the circuit expressed its confidence in district courts' ability "to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Id.* The circuit went on to explain its charge to the district courts (and why it was parting ways with the Seventh Circuit on this point) as follows:

> Unlike the Seventh Circuit, where the defendant need show only "a reasonable probability" that the amount in controversy exceeds the minimum, we require a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence. We also require the defendant to make this showing with summary-judgment-type evidence. A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof. Moreover, district courts have developed expertise in determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" when awarding attorneys' fees under a statute or contract authorizing recovery of "reasonable attorneys' fees" at the close of litigation. In estimating future attorneys' fees, district courts may likewise rely on "their own knowledge of customary rates and their experience concerning reasonable and proper fees. Given district courts' expertise in evaluating litigation expenses and defendants' obligation to prove future attorneys' fees by a preponderance of the evidence, we do not share the Seventh Circuit's concern that calculating future attorneys' fees is inherently too speculative.

*Id.* at 795-96 (all internal citations omitted).

   Applying this standard here, the Court concludes that the removing

defendants have failed to carry their burden of proving that Gietzen will incur more than $7,500 litigating this matter. The only evidence regarding attorneys' fees before the Court is this allegation in the verified complaint: "In the event this matter is not contested by Powerco, reasonable attorney fees should be awarded in the amount of $7,500." *Compl.*, Dkt. 1-2, ¶ 28.

The removing defendants argue that, based on this demand, the Court should assume that "plaintiff incurred $7,500 preparing a nine-page complaint that asserts three simple causes of action, . . . ." *Response,* Dkt. 12, at 9. And, from there, the removing defendants say the Court should rely on its knowledge of customary rates and experience to conclude that Gietzen will more likely than not expend "multiples of that amount" litigating this matter. *Id.*

The Court is not persuaded. It is not willing to read so much into that $7,500 demand. First, the Court does not know how the $7,500 was calculated, nor does it have any information regarding the fee arrangement between Gietzen and its attorney. The $7,500 demand could indeed represent that counsel spent x hours at y dollars per hour preparing and filing the complaint. But then again, Gietzen may have agreed to a lump sum payment of $7,500 if its attorney was able to obtain a quick, painless settlement of this lawsuit and, failing that, counsel may be billing against that $7,500 mark.

Under these circumstances, the removing defendants have failed to put

forward sufficient "summary-judgment-like evidence" to carry their burden of proving, by a preponderance of the evidence, that plaintiff will incur more than $7,500 litigating this case. *See generally In re Volkswagen "Clean Diesel" Marketing, Sales, Practices & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2019 WL 693234, at *7 (N.D. Cal. Feb. 19, 2019) ("To determine the amount of attorneys' fees at stake, the removing party can provide an estimate of the amount of time that the case will require, and an estimate of Plaintiff's counsel's hourly billing rate.").

Additionally, even though the parties are fighting about where to litigate this matter, and the removing defendants have moved to dismiss the fraud claim, the underlying breach of contract claim is extraordinarily simple, so it seems relatively likely that this case will settle quickly.

For all these reasons, the Court will not include attorneys' fees over and above the $7,500 demanded in the complaint in calculating the amount in controversy. And without that additional boost, the amount in controversy is below the Court's jurisdictional limit. The Court will therefore grant the motion to remand.

3.   **Plaintiff's Request for a Fee Award**

Gietzen asks the Court to enter an attorneys' fees award to reimburse it for time spent litigating this motion. The Court will deny this request. 28 U.S.C. §

1441 allows such an award, but absent unusual circumstances, the court should enter the award "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court was not persuaded by the removing defendants' arguments, they did not lack an "objectively reasonable basis" for seeking removal.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion to Remand (Dkt. 8) is **GRANTED**.

2. Defendants James Conder and Taylor Byington's Motion to Dismiss (Dkt. 6) is **DEEMED MOOT** as the state court will presumably resolve that motion after the case is remanded.

DATED: November 4, 2020

_____
B. Lynn Winmill
U.S. District Court Judge